**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION**

| | | |
|---|---|---|
| **ALLEN L. ANDERSON,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **No. 7:07-CV-0079-O** |
| **v.** | § | **ECF** |
| | § | |
| **MICHAEL J. ASTRUE,** | § | |
| **Commissioner of Social Security,** | § | |
| | § | |
| **Defendant.** | § | |

## MEMORANDUM OPINION & ORDER

Before this Court is the defendant, Michael J. Astrue's ("Defendant" or "Commissioner")

Motion to Dismiss (doc. # 22), filed January 24, 2008. For the reasons stated herein, the motion is

GRANTED.

## I.

The plaintiff, Allen L. Anderson ("Plaintiff" or "Anderson"), filed this action on May 21,

2007 seeking to reinstate his social security benefits. Pl.'s Compl. at 1. The Commissioner states

that he determined that Anderson's disability benefits should have ceased in January of 2005

because of an outstanding arrest warrant. Def.'s Br. at 2.; Def.'s App. at 3, 10-14. The

Commissioner states that because Anderson was paid benefits until February of 2006, he also

informed Plaintiff that Plaintiff owed $9,382.20 in overpaid benefits. *Id.* The Commissioner states

that Anderson filed a request for reconsideration on March 22, 2006, which was denied on March

28, 2006, because Anderson did not provide proof that his warrant was satisfied. Def.'s Br. at 2;

Def.'s App. at 4, 12. The Commissioner states that Anderson was instructed to complete a form to

request a waiver of overpayment and return it by April 28, 2006, but that Anderson did not do so

nor did Anderson appeal the denial. Def.'s Br. at 2; Def.'s App. at 12. The Commissioner states

that approximately a year later on May 18, 2007, Anderson filed another request for reconsideration. Def.'s Br. at 2. The Commissioner states that Anderson was informed that the second request was treated as a duplicate request, and it was also denied because Anderson did not provide proof that his outstanding warrant was satisfied. *Id*. at 3; Def.'s App. at 13. The Commissioner states that because Plaintiff did not proceed through the administrative process, this Court lacks subject matter jurisdiction because the Commissioner has not issued a "final decision . . . made after a hearing," as required under 42 U.S.C. § 405(g). Def.'s Br. at 1-2.

## II.

"Federal courts are courts of limited jurisdiction. We must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citations omitted). "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)). A federal court has subject matter jurisdiction over civil actions involving a federal question or diversity of citizenship. 28 U.S.C. §§ 1331-1332. Therefore, Plaintiff must present the Court with facts or claims sufficient to give rise to federal question jurisdiction or diversity of citizenship jurisdiction. *See* 28 U.S.C. §§ 1331-32; *Howery,* 243 F.3d at 916. Without the presence of such facts or claims, the Court does not have jurisdiction over the case. *See Howery,* 243 F.3d at 916.

The Social Security Act confers jurisdiction on district courts to review "any final decision of the Commissioner of Social Security made after a hearing to which he was a party." 42 U.S.C. § 405(g). "[A] final decision of the [Commissioner] made after a hearing . . . [is] central to the

requisite grant of subject-matter jurisdiction-the statute empowers district courts to review a particular type of decision by the [Commissioner], that type being those which are 'final' and 'made after a hearing.'" *Weinberger v. Salfi*, 422 U.S. 749, 763-64 (1975). "If a claimant fails to request review from the Council, there is no final decision and . . . [the] claimant may not obtain judicial review because he has failed to exhaust administrative remedies." *Sims v. Apfel*, 530 U.S. 103, 107 (2000). *See also McQueen v. Apfel*, 168 F.3d 152, 155 (5th Cir. 1999) ("A court should not review the Commissioner's final decision unless the claimant has exhausted his administrative remedies." (citing *Paul v. Shalala*, 29 F.3d 208, 210 (5th Cir. 1994))).

### III.

As the Commissioner points out, "Anderson's Complaint is void of any statement or exhibit that evidences the issuance of a 'final decision' by the Commissioner or how this Court otherwise has jurisdiction." Def.'s Br. at 6; *see* Pl.'s Compl. at 1. "A pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction . . . ." FED. R. CIV. P. 8(a)(1). Furthermore, "Anderson provided no evidence or argument that he provided [] a form [requesting a waiver of the overpayment of social security benefits] or that he appealed the matter to an ALJ." Def.'s Br. at 3. Anderson did not file a response and an accompanying brief addressing this Court's subject matter jurisdiction. "A response to an opposed motion must be accompanied by a brief that sets forth the responding party's contentions of fact and/or law, and argument and authorities." Local Rule 7.1(d). The party asserting jurisdiction bears the burden of proof for a Rule 12(b)(1) motion to dismiss. *Ramming*, 281 F.3d at 161. Since Plaintiff is proceeding *pro se*, the Court liberally construes his allegations and makes more allowances. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sec. & Exch. Comm'n v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th

Cir. 1993). However, Plaintiff's *pro se* status does not excuse him from following the Local Civil Rules or the Federal Rules. *See Douglass v. United Servs. Auto. Ass'n*, 65 F.3d 452, 455 n.4 (5th Cir. 1995) ("The statement of facts and argument sections of Douglass' brief contain no citations to the record, contrary to FED. R. APP. P. 28(a)(4), (6). Although we liberally construe briefs filed by *pro se* litigants, we still require them to comply with the Federal Rules of Appellate Procedure. . . . Douglass is cautioned that disregard for the rules of appellate procedure may result in dismissal." (citations omitted)). As the Commissioner asserts, it does not appear that this Court has subject matter jurisdiction in this case, and Plaintiff has not shown to this Court that it is otherwise. Therefore, the Commissioner's motion to dismiss is granted.

## IV.

The Commissioner's motion to dismiss (doc. # 22) is granted, and Plaintiff's complaint is dismissed without prejudice.

SO ORDERED. This 21st day of May, 2008.

**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**